No. 3--01--0826

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 14th Judicial Circuit

 ) Henry County, Illinois,

Plaintiff-Appellee, ) 

)

v. ) No. 00--CF--178

 ) 

RICHARD LITTLEJOHN, ) Honorable                      

 ) Ted J. Hamer,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

The defendant, Richard Littlejohn, appeals from a portion of the circuit court's sentencing order instructing him to pay various fines, fees and costs.  He claims that he is entitled to a monetary credit for the 340 days he spent in custody prior to sentencing.  We modify the mittimus to apply the credit against all the assessments except the $50 laboratory analysis fee.  

FACTS

The defendant was sentenced to probation for unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/402(c) (West 2000)) and unlawful possession of cannabis (720 ILCS 550/4(c) (West 2000)).  In addition to probation, the trial court ordered the defendant to pay drug assessment fees totaling $800, street-value fines in the amount of $450, a trauma center fine of $100, a laboratory analysis fee of $50 and a $10 Henry County crime stoppers fee.  The defendant's
 probation was subsequently revoked.  He was sentenced to four years' imprisonment for unlawful possession with intent to deliver and 364 days in jail for unlawful possession of cannabis.  The sentencing order specified that the defendant was to receive 340 days of credit for time served.  The court again ordered the payment of the original fees, fines and costs. 

ANALYSIS

On appeal, the defendant 
argues that he should be awarded a $5 per day credit against all of his probation assessments pursuant to section 110--14 of the Code of Criminal Procedure (Code) (725 ILCS 5/110--14 (West 2000))
.  The State agrees that the defendant should be awarded a monetary credit for time served.  However, it maintains that the credit should not apply to the laboratory analysis fee or the crime stoppers fee.

The primary rule of statutory construction is to give effect to the legislative intent.  
People v. Whitney
, 188 Ill. 2d 91, 720 N.E.2d 225 (1999).  The best indicator of such intent is the plain and ordinary meaning of the language used.  
People v. Jones
, 306 Ill. App. 3d 793, 715 N.E.2d 256 (1999).  Courts should not add requirements that are inconsistent with the plain meaning of the statute.  
People v. Holmes
, 268 Ill. App. 3d 802, 644 N.E.2d 1 (1994).
   

Section 110--14 of the Code provides that a defendant "against whom a fine is levied" shall be allowed a credit of $5 for each day incarcerated on a bailable offense when he does not make bail.  725 ILCS 5/110--14 (West 2000).  
According to the statute's plain language
, the credit applies only to "fines" that are imposed in conjunction with a conviction.  It does not suggest that the credit should apply to costs or charges.  

To resolve the question raised on appeal, we must determine whether the lab analysis fee and the crime stoppers fee fall within the category of a fine rather than a cost.  "Fines" have been defined as pecuniary punishments imposed as part of a sentence on a person convicted of a crime.  
People v. Despenza
, 318 Ill. App. 3d 1155, 744 N.E.2d 912 (2001).  By contrast, a "cost" or "fee" is a charge taxed by a court such as a filing fee, courthouse fee, or reporter fee.  A cost is compensatory in nature.  
People v. White
, 333 Ill. App. 3d 777, 776 N.E.2d 836 (2002).  

A laboratory analysis fee is used to defray costs incurred in providing analysis for controlled substances
.  See 
White
, 333 Ill. App. 3d 777, 776 N.E.2d 836
.  It is compensatory in nature 
rather than a pecuniary fine.  We find that the $50 lab fee is more analogous to a cost or charge by the court. 
 
The $5 per day credit against "fines" does not apply to the lab fee.  

Whether the monetary credit applies against the $10 Henry County crime stoppers fee is a more difficult question.  The fee was imposed under section 5--6--3(b)(13) of the Unified Code of Corrections (730 ILCS 5/5--6--3(b)(13) (West 2000)).  That section permits a judge to require the defendant to "contribute a reasonable sum of money, not to exceed the maximum amount of the fine authorized for the offense" to a local anti-crime program.  730 ILCS 5/5--6--3(b)(13) (West 2000).  Nothing in the statutory provision authorizing this contribution suggests that the money will be used to reimburse the local anti-crime programs for costs associated with criminal prosecution, or as a restitution for any loss suffered by the program.  The mandatory donation more closely resembles a punishment on the defendant in addition to the sentence he received.  Accordingly, we conclude that the crime stoppers' fee is a fine against which the $5 per day credit should apply.             CONCLUSION

Pursuant to section 110--14, the defendant should be awarded a credit of $1,360 against his drug assessment fines, his street-value fines, the trauma center fine and the crime stoppers fine.  The sentencing order of the circuit court of Henry County shall be modified to reflect this credit.

Affirmed as modified. 

BARRY, J., concurs, SCHMIDT, J., partially concurring/partially dissenting.  

JUSTICE SCHMIDT, concurs in part and dissents in part:

I concur with the majority with the exception of that portion of the opinion holding that defendant is entitled to a monetary credit for time served against the crime stoppers fee.  While I also agree that the legislature could have made this clearer, I believe that the crime stoppers fee imposed under 735 ILCS 5/5-6-3(b)(13) (West 2000), qualifies as a fee or cost as opposed to a fine.  
I
 cannot 
think of any other reason the legislature enacted this statute except to defray the costs of local anti-crime programs.  Therefore, I see this section as analogous to the laboratory fee statute and would deny defendant credit against the crime stopper fee as well as the laboratory analysis fee.