THIRD DIVISION
JANUARY 18, 2006

1-04-2059

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 13650 |
| | ) | |
| BANNYE TOLLIVER, | ) | Honorable |
| | ) | Kathleen M. Pantle, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE ERICKSON delivered the opinion of the court:

Following a bench trial, defendant Bannye Tolliver was convicted of two counts of unlawful use of a weapon by a felon (UUW) and sentenced to concurrent terms of five years' imprisonment. He was also ordered to submit blood specimens to the Illinois State Police for genetic analysis pursuant to section 5-4-3 of the Unified Code of Corrections (section 5-4-3) (730 ILCS 5/5-4-3 (West 2002)).

On appeal, defendant contends that he is entitled to $5 credit for each day he was in custody prior to sentencing to be applied toward the $665 "fine" assessed to him, and that a specific $20 fine is inapplicable and should be vacated. Defendant also contends that one of his two UUW convictions must be vacated because multiple convictions for a single act of possession are prohibited. Finally, defendant contends that the extraction of his blood and storage of his DNA profile pursuant to section 5-4-3 violates his fourth amendment right to be free from unreasonable searches and seizures.

Because defendant has not contested the sufficiency of the evidence to sustain his

conviction, a detailed discussion of the facts of the case is unnecessary. It is sufficient to say that defendant and codefendant, Terry Turner, who is not a party to this appeal, were arrested on June 7, 2003, after a loaded handgun fell to the ground from the front of defendant's body. The State also presented a certified copy of defendant's 2002 felony conviction for possession of a controlled substance at trial.

The trial court found defendant guilty of two counts of UUW, one based on possession of a handgun and the other based on possession of firearm ammunition. Thereafter, the court sentenced defendant to concurrent terms of five years' imprisonment, awarded him credit for 366 days served, imposed statutory fees and costs and ordered defendant to submit blood specimens for DNA analysis.

On appeal, defendant first contends that he is entitled to $5 credit for each day he was in custody prior to sentencing to be applied toward the $665 "fine" assessed to him by the trial court. Defendant asserts that he was in custody for 366 days and accumulated a credit of $1,830. He acknowledges, however, that the $100 fee for the Trauma Center Fund cannot be reduced pursuant to the controlling statute. 730 ILCS 5/5-9-1.10 (West 2002). He thus concedes that he owes the $100 fee, but maintains that the remainder of his assessment is offset by his credit. In addition, defendant acknowledges that the $20 fee for the Violent Crime Victims Assistance Fund is not subject to the credit, but argues that the fee was erroneously assessed to him and should be eliminated. Defendant notes that this fee applies only when "no other fine is imposed" (725 ILCS 240/10(c) (West 2002)), and claims that because he was charged several "fines," it should not have been

2

assessed to him.

Section 110-14 of the Code of Criminal Procedure of 1963 (the Code) provides that a defendant who is assessed a "fine" is allowed a credit of $5 for each day he was in custody on a bailable offense for which he did not post bail. 725 ILCS 5/110-14 (West 2002); People v. Littlejohn, 338 Ill. App. 3d 281, 283, 788 N.E.2d 339 (2003). The plain language of this statute indicates that the credit applies only to "fines" that are imposed pursuant to a conviction, not to any other court costs or fees. Littlejohn, 338 Ill. App. 3d at 283; People v. White, 333 Ill. App. 3d 777, 781, 776 N.E.2d 836 (2002). This court has previously found that "[a] 'fine' is a pecuniary punishment imposed as part of a criminal sentence." People v. Bishop, 354 Ill. App. 3d 549, 562, 821 N.E.2d 677 (2004). In contrast, a "fee" is a charge for labor or services, and is a collateral consequence of the conviction which is not punitive, but instead, compensatory in nature. Bishop, 354 Ill. App. 3d at 562.

Here, we find that the charges defendant claims are "fines" entitled to the credit are actually court costs and fees. According to the assessment order in the record, defendant was charged "costs and fees" for the filing of the felony complaint, the felony complaint conviction, the preliminary hearing, the State DNA identification system, the clerk's automation and document storage fees, the sheriff's court services fee, and the State's Attorney's fee for one day of trial. We find that all of these charges are compensatory and a collateral consequence of defendant's conviction, and as such, are considered "fees" rather than "fines." Accordingly, the credit stated in section 110-14 of the Code cannot be

3

applied against these assessments.

In addition, we reject defendant's claim that the $20 fee for the Violent Crime Victims Assistance Fund was erroneously assessed to him. Defendant correctly notes that this fee applies only where "no other fine is imposed." 725 ILCS 240/10(c) (West 2002). In this case, the record shows that defendant was assessed numerous fees, but no other "fine" was imposed against him. We thus find that defendant is liable for this fee.

Defendant next contends, and the State agrees, that one of his two UUW convictions must be vacated because multiple convictions based upon a single act of unlawful possession of a weapon are prohibited. Our supreme court has determined that simultaneous possession of a firearm and firearm ammunition constitutes a single offense from which only one UUW conviction can be entered. People v. Carter, 213 Ill. 2d 295, 304, 821 N.E.2d 233 (2004). Accordingly, pursuant to our authority (134 Ill. 2d R. 615(b)(1); People v. McCray, 273 Ill. App. 3d 396, 403, 653 N.E.2d 25 (1995)), we vacate defendant's conviction for UUW under count II and direct the clerk of the circuit court to amend the mittimus to reflect this modification.

Finally, defendant contends that the extraction of his blood and storage of his DNA profile pursuant to section 5-4-3 violates his fourth amendment right to be free from unreasonable searches and seizures. Defendant correctly acknowledges that this court has upheld the constitutionality of section 5-4-3 against the same challenge he now presents. See People v. Banks, 358 Ill. App. 3d 924, 926-27, 833 N.E.2d 928 (2005) (and cases cited therein); accord People v. Garvin, 349 Ill. App. 3d 845, 856, 812 N.E.2d 773

4

(2004), <u>appeal allowed</u>, 212 Ill. 2d 541, 824 N.E.2d 287 (2004).  Consistent with these holdings, we similarly reject defendant's argument here.

For these reasons, we affirm the judgment of the circuit court of Cook County as modified and correct the mittimus.

Affirmed as modified; mittimus corrected.

HOFFMAN, P.J., and THEIS, J., concur.