FIFTH DIVISION
May 5, 2006

No. 1-04-2387

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 04 CR 2969 |
| | ) | |
| PARNELL SQUIRE, | ) | Honorable |
| | ) | Kathleen M. Pantle, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Following a bench trial, defendant, Parnell Squire, was convicted of delivery of a controlled substance, ordered to submit a blood specimen for DNA testing and storage, and sentenced to six years' imprisonment. The court also ordered defendant to pay $1,770, including a $1,000 drug assessment under section 411.2(a)(3) of the Illinois Controlled Substances Act (720 ILCS 570/411.2(a)(3) (West 2002)) and $100 for the Trauma Center Fund pursuant to section 5-9-1.1(b) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(b) (West 2002)). The court then credited defendant with $1,000 for his 210 days of presentence detention, reducing the total amount owed to $770. On appeal, defendant contends that: (1) his conviction must be reversed and the cause remanded because nothing in the record indicates that he knowingly and intelligently waived his right of confrontation before his trial counsel stipulated to the identity of the controlled substance; (2) the compulsory extraction of his blood and perpetual storage of his DNA violate his fourth amendment right to be free from unreasonable searches and seizures; and (3) defendant should be given an additional $50 credit for the fines imposed in this case. We

No. 1-04-2387

affirm.

At trial, Officer Vasquez testified that at approximately 3:30 p.m. on December 30, 2003, he and his partner, Officer Vargas, were in the vicinity of 3316 West Division conducting a "controlled buy" operation. After observing the defendant standing by himself, Officer Vasquez, who was dressed in plain clothes, approached defendant and asked him for "two blows," a street term for heroin. Officer Vasquez gave defendant a prerecorded, $20 bill. Defendant accepted the bill and gave Officer Vasquez one bag of suspected heroin. Defendant told Officer Vasquez that he needed to retrieve a second bag and walked away.

Officer Vasquez testified that when he realized the defendant probably was not coming back, he radioed Officer Vargas and provided a description of defendant. Officer Vargas testified that he arrested defendant and performed a custodial search, which revealed that the pre-recorded $20 bill was in defendant's pants pocket.

Officer Vasquez testified that he inventoried the suspected heroin at the police station. The parties stipulated that the contents of the bag tested positive for .1 gram of heroin. After the stipulation, the State rested.

Defendant testified that he was walking down Spaulding Avenue in order to catch a bus when he was stopped by police and arrested for no reason. Defendant denied possessing or selling any illegal drugs on December 30, 2003.

The trial court convicted defendant of delivery of a controlled substance and sentenced him to six years' imprisonment. The court also ordered defendant to pay $1,770, including a $1,000 drug assessment under section 411.2(a)(3) of the Illinois Controlled Substances Act (720

No. 1-04-2387

ILCS 570/411.2(a)(3)(West 2002)) and $100 for the Trauma Center Fund pursuant to section 5-9-1.1(b) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(b) (West 2002)). The court then credited defendant with $1,000 for his 210 days of presentence detention, thereby reducing the total amount owed to $770. Defendant filed this timely appeal.

First, defendant contends that his federal and state constitutional confrontation rights were violated because the record lacks any indication that his attorney informed him of the legal consequences of entering a stipulation as to the identity of the controlled substance.

In People v. Campbell, 208 Ill. 2d 203, 220-21 (2003), our supreme court held:

"[C]ounsel in a criminal case may waive his client's sixth amendment right of confrontation by stipulating to the admission of evidence as long as the defendant does not object to or dissent from his attorney's decision, and where the decision to stipulate is a matter of legitimate trial tactics or prudent trial strategy. Where the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State's entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation."

In People v. Phillips, 352 Ill. App. 3d 867, 871 (2004), a panel of the Third District interpreted this holding as requiring "some affirmative showing or indication by the defendant in the record that he or she did not object to or dissent from the attorney's decision to stipulate." In People v. Scott, 355 Ill. App. 3d 741 (2005), another panel of the Third District disagreed with Phillips and held that the record need not affirmatively show that the defendant was informed of and explicitly waived his confrontation rights. Several panels of this district have agreed with

No. 1-04-2387

<u>Scott</u>. See <u>People v. Orta</u>, 361 Ill. App. 3d 342 (2005); <u>People v. Foerster</u>, 359 Ill. App. 3d 198 (2005); <u>People v. Banks</u>, 358 Ill. App. 3d 924 (2005).

In <u>People v. Phillips</u>, 217 Ill. 2d 270 (2005), our supreme court recently reversed the <u>Phillips</u> appellate court opinion and effectively validated the holdings of <u>Scott</u>, <u>Orta</u>, <u>Foerster</u>, and <u>Banks</u>. See also <u>People v. Matthews</u>, 362 Ill. App. 3d 953, 842 N.E.2d 150 (2005) (discussing the effect of the supreme court decision in <u>Phillips</u>.) The supreme court determined that the <u>Phillips</u> appellate court opinion had misinterpreted the holding of <u>Campbell</u> and held that, under <u>Campbell</u>:

> " '[D]efense counsel may waive a defendant's right of confrontation as long as the defendant does not object and the decision to stipulate is a matter of trial tactics and strategy.' [Citation.] However, *** a defendant must <u>personally</u> waive the right of confrontation 'when the State's entire case is to be presented by stipulation and the defendant does not present or preserve a defense ***, or where the stipulation includes a statement that the evidence is sufficient to convict the defendant.' [Citation.] We attached no other restrictions to defense counsel's authority to stipulate to the admission of evidence, and, except in those specified instances where the stipulation is tantamount to a guilty plea, we imposed no obligations on the trial court or counsel to admonish the defendant and ensure that the advisement is made a part of the record. Insofar as the appellate court held otherwise, the court erred." (Emphasis in original.) <u>Phillips</u>, 217 Ill. 2d at 283.

The supreme court concluded:

"In sum, it is not necessary for either the court or counsel to admonish a defendant about the implications and consequences of a stipulation, and defendant's explicit agreement to the stipulation on the record is not required where *** (1) defense counsel's decision to stipulate appears to have been a matter of trial tactics and strategy and defendant does not object to counsel's decision, and (2) the State's entire case is not presented by stipulation, the defendant does present or preserve a defense, and the stipulation does not include a statement that the evidence is sufficient to convict." (Emphasis in original.) Phillips, 217 Ill. 2d at 288.

In the present case, defendant did not object to the stipulation as to the identity of the controlled substance. The decision to stipulate was a matter of trial strategy, where the identity of the recovered item was not contested but the defense challenged the State's ability to prove the remaining elements of the offense. Further, the stipulation did not indicate that the stipulated evidence was sufficient to convict defendant nor did the State present its entire case through stipulation. Therefore, the requirements of our supreme court opinions in Campbell and Phillips have been satisfied and defendant's confrontation rights were not violated.

Next, defendant contends that the compulsory extraction and perpetual storage of his DNA violate his fourth amendment right to be free from unreasonable searches and seizures under the federal and state constitutions. Section 5-4-3 of the Unified Code of Corrections mandates DNA sampling from any person convicted or found guilty "of any offense classified as a felony under Illinois law." 730 ILCS 5/5-4-3(a) (West 2004).

This court repeatedly has addressed this issue and rejected defendant's position. See People

No. 1-04-2387

v. Fort, 362 Ill. App. 3d 1, 10 (2005) (and the cases cited therein.) In accordance with this authority, we decline defendant's request to find section 5-4-3 unconstitutional.

Next, defendant contends that section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2002)) entitles him to a $1,050 credit against his fines because of the 210 days he spent in presentence incarceration. Section 110-14 states:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14 (West 2002).

The trial court in this case correctly determined that defendant's $1,000 drug assessment was a kind of fine for which he was entitled to a $5 credit per day for the 210 days he was incarcerated. See People v. Fort, 362 Ill. App. 3d 1 (2005) (holding that the drug assessment is a kind of fine for which the defendant is entitled to a $5 credit per each day incarcerated.) As the $5 credit per day for 210 days of incarceration equals $1,050, defendant is entitled to a credit for his entire $1,000 drug assessment. He is not entitled to the additional $50, however, because section 110-14 specifically states that "in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14 (West 2002).

Defendant contends that the court should have credited him the additional $50 toward the $100 he was ordered to pay to the Trauma Center Fund pursuant to section 5-9-1.1(b) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(b) (West 2002)). Defendant's contention is

No. 1-04-2387

without merit.  Section 5/5-9-1.1(b) of the Unified Code of Corrections states:

> "In addition to any penalty imposed under subsection (a) of this Section [for drug related offenses], a fine of $100 shall be levied by the court, the proceeds of which shall be collected by the Circuit Clerk and remitted to the State Treasurer under <u>Section 27.6 of the Clerks of Courts Act</u> for deposit into the Trauma Center Fund ***."  (Emphasis added.)  730 ILCS 5/5-9-1.1(b) (West 2002).

Section 27.6(c) of the Clerks of Courts Act states:

> "In addition to any other fines and court costs assessed by the courts, *** a person sentenced for a violation of the Cannabis Control Act or the Controlled Substance Act shall pay an additional fee of $100 to the clerk of the circuit court.  This amount *** shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Trauma Center Fund.  <u>This additional fee of $100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing.</u>"  (Emphasis added.)  705 ILCS 105/27.6(c) (West 2002).

Thus, the legislature has expressly provided that the $100 for the Trauma Center Fund may not be offset by the $5 credit per day for time served.  Accordingly, defendant is not entitled to any credit toward the $100 he was ordered to pay to the Trauma Center Fund.

Defendant contends that <u>People v. Littlejohn</u>, 338 Ill. App. 3d 281 (2003), compels a different result.  In <u>Littlejohn</u>, the Third District Appellate Court held that the defendant there was entitled to a credit as against the $100 he was ordered to pay to the Trauma Center Fund. We respectfully disagree with <u>Littlejohn</u>, as the court there failed to address the Clerks of Courts

˘7˘

No. 1-04-2387

Act's express language providing that the $100 for the Trauma Center Fund may not be offset by the $5 credit per day for time served.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

GALLAGHER, P.J., and O'MARA FROSSARD, concur.