FIFTH DIVISION
June 23, 2006

No. 1-05-0020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JONES, | ) | Honorable |
| | ) | Rickey Jones, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Larry Jones was convicted of possession of a controlled substance and sentenced to five years' imprisonment. The trial court also ordered defendant to pay $1,224. On appeal, defendant does not challenge his conviction or sentence, but raises three contentions concerning the order to pay $1,224: (1) that he was denied due process when he was ordered to pay a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund; (2) that the trial court improperly imposed a $20 fine for deposit in the Violent Crime Victims Assistance Fund; and (3) that he is entitled to apply a $5-per-day credit for incarceration on a bailable offense to the $100 Trauma Center Fund charge, the $500 controlled substance assessment, and the $4 traffic and criminal conviction surcharge. Defendant also

contends that the extraction of his blood and perpetual storing of his DNA profile pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2004)) violates his fourth amendment right to be free from unreasonable searches and seizures.

BACKGROUND

At trial, Officer Brian Kinnane testified that on the evening of February 20, 2004, he and his partner, Officer Frank Sarabia, conducted a narcotics surveillance operation near 2101 South Christiana, Chicago, where defendant was standing on the sidewalk. On three separate occasions during the surveillance operation, Officer Kinnane observed an unknown man engage defendant in a brief conversation and hand defendant money. After these conversations, defendant would walk across the street to an abandoned vehicle, retrieve a small black box from under the driver's side wheel well, take a small item from the box, walk back across the street, and give the item to the unknown man. After three such transactions, the officers broke their surveillance and approached defendant. Officer Kinnane detained defendant while Officer Sarabia recovered the black box.

Officer Sarabia testified that the black box contained six Ziploc bags of what he believed to be crack cocaine. The parties stipulated that Monica Kinslow, a forensic chemist with the Illinois State Crime Lab, would have testified that the six plastic bags weighed .8 grams total, and that the one bag she analyzed tested positive for the presence of cocaine.

The trial court found defendant guilty of possession of a controlled substance,

2

sentenced defendant to five years in prison, and ordered defendant to pay $1,224 in "costs and fees." The costs and fees included the following amounts: (1) $5 designated "Trauma Fund Spinal Cord"; (2) $20 designated "Violent Crime Victim Assistance"; (3) $100 designated "Trauma Fund"; (4) $500 designated "Assessment Controlled Substance"; and (5) $4 designated "Criminal/Traffic Conviction Surcharge." The trial court also ordered defendant to submit a blood sample for DNA analysis. Defendant was incarcerated for 265 days prior to being convicted.

## ANALYSIS

On appeal, defendant challenges the various fines and fees imposed against him and contends that the extraction of his blood and perpetual storing of his DNA profile violates his fourth amendment right to be free from unreasonable searches and seizures. We review the constitutionality of statutes *de novo*. *People v. Dinelli*, 217 Ill. 2d 387, 397 (2005).

### I. Spinal Cord Fund Fee

Defendant contends that he was denied due process when he was ordered to pay a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund (Spinal Cord Fund) pursuant to section 5-9-1.1 of the Unified Code of Corrections (730 ILCS 5/5-9-1.1 (West 2004)). Defendant argues that there is no reasonable relationship between his conviction for possession of a controlled substance and the public interest in funding spinal cord research.

Section 5-9-1.1 provides, in relevant part, as follows:

"(a) When a person has been adjudged guilty of a

3

drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance as defined in the Cannabis Control Act, as amended, or the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

\*\*\*

(c) In addition to any penalty imposed under subsection (a) of this Section, a fee of $5 shall be assessed by the court, the proceeds of which shall be collected by the Circuit Clerk and remitted to the State Treasurer under Section 27.6 of the Clerks of Courts Act for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund. This additional fee of $5 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5-9-1.1 (c) (West 2004).

This court has twice found section 5-9-1.1(c) unconstitutional as it applies to defendants convicted of possession of a controlled substance. *People v. Rodriguez*, 362 Ill. App. 3d 44, 54 (2005), *pet. for leave to appeal pending*, No. 101725; *People v. Fort*, 362 Ill. App. 3d 1, 10 (2005), *pet. for leave to appeal pending*, No. 101806; see

4

also *People v. McNeal*, No. 1-04-2047, slip op. at 11 (March 31, 2006) (finding section 5-9-1.1(c) unconstitutional as applied to defendant convicted of possession with intent to deliver), *pet. for leave to appeal pending*, No. 102593.

In both *Rodriguez* and *Fort*, the defendants contended that imposition of the $5 Spinal Cord Fund fee violated their due process rights. *Rodriguez*, 362 Ill. App. 3d at 47, 48; *Fort*, 362 Ill. App. 3d at 1-2, 8. In *Rodriguez*, we agreed with the defendant, explaining as follows:

> "While driving under the influence of a controlled substance arguably bears a rational relationship to spinal cord research, we cannot say that the simple possession of a controlled substance, an offense that does not involve or require the use of a motor vehicle, is reasonably related to spinal cord research. Furthermore, the parties have not called to our attention any other statutes that impose a fee earmarked for the Spinal Cord Injury Research Fund upon defendants whose crimes did not involve motor vehicles. Accordingly, we find the relationship between possession of a controlled substance and the Spinal Cord Injury Research Fund simply too attenuated to survive defendant's due process challenge." *Rodriguez*, 362 Ill. App. 3d at 54.

We came to the same conclusion in *Fort*, finding that there was "no reason to depart from the holding in *Rodriguez*." *Fort*, 362 Ill. App. 3d at 10.

As in *Rodriguez* and *Fort*, the defendant in the instant case was convicted of possession of a controlled substance and ordered to pay a $5 Spinal Cord Fund fee. Accordingly, *Rodriguez* and *Fort* are directly on point. We agree with the *Fort* court that there is no reason to depart from the holding of *Rodriguez*, and find that defendant's due process rights were violated by the order requiring him to pay a $5 Spinal Cord Fund fee. Accordingly, the $5 Spinal Cord Fund fee is stricken from the Costs and Fees order.

## II. Credit for Incarceration on a Bailable Offense

Defendant contends that under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2004)), he is entitled to apply a $5-per-day credit for incarceration on a bailable offense to the $100 Trauma Center Fund charge, the $500 controlled substance assessment, and the $4 traffic and criminal conviction surcharge. The State asserts that the $5 credit is applicable only to "fines," that the charges identified by defendant were not "fines," and that therefore, the credit should not apply.

Section 110-14 provides in relevant part as follows:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."

725 ILCS 5/110-14 (West 2004).

"The plain language of this statute indicates that the credit applies only to 'fines' that are imposed pursuant to a conviction, not to any other court costs or fees." *People*

6

*v. Tolliver*, 363 Ill. App. 3d 94, 96 (2006). In the instant case, it is undisputed that defendant spent 265 days in custody prior to sentencing. Under section 110-14, he may apply a $5-per-day credit for each of the 265 days to any "fines" assessed upon conviction. In order to determine whether the credit applies to any of the charges identified by defendant, we must determine whether the respective charges are "fines." A "fine" is a pecuniary punishment imposed as part of a criminal sentence. *Tolliver*, 363 Ill. App. 3d at 96-97, quoting *People v. Bishop*, 354 Ill. App. 3d 549, 562 (2004). In contrast, a "fee" is a charge for labor or services that is compensatory in nature. *Tolliver*, 363 Ill. App. 3d at 97, quoting *Bishop*, 354 Ill. App. 3d at 562.

A. Trauma Center Fund

Pursuant to section 5-9-1.1(b) of the Unified Code of Corrections, defendant was ordered to pay $100 to the Trauma Center Fund. 730 ILCS 5/5-9-1.1(b) (West 2004). Section 5-9-1.1(b) provides as follows:

"(b) In addition to any penalty imposed under subsection (a) of this Section [for drug related offenses], a fine of $100 shall be levied by the court, the proceeds of which shall be collected by the Circuit Clerk and remitted to the State Treasurer under Section 27.6 of the Clerks of Courts Act for deposit into the Trauma Center Fund for distribution as provided under Section 3.225 of the Emergency Medical Services (EMS) Systems Act." 730 ILCS 5/5-9-1.1(b) (West 2004).

Section 27.6 of the Clerks of Courts Act, which is specifically referenced in section 5-9-1.1(b), above, provides, in relevant part, as follows:

> "(c) In addition to any other fines and court costs assessed by the courts, any person convicted for a violation of Sections 24-1.1, 24-1.2, or 24-1.5 of the Criminal Code of 1961 or a person sentenced for a violation of the Cannabis Control Act or the Controlled Substance Act shall pay an additional fee of $100 to the clerk of the circuit court. This amount, less 2 1/2% that shall be used to defray administrative costs incurred by the clerk, shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Trauma Center Fund. This additional fee of $100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 705 ILCS 105/27.6(c) (West 2002).

We are mindful that the plain language of section 5-9-1.1(b) refers to the $100 charge as a "fine." The charge has been treated as a fine for purposes of the $5-per-day credit in *People v. Littlejohn*, 338 Ill. App. 3d 281, 284 (2003) ("Pursuant to section 110-14, the defendant should be awarded a credit *** against *** the trauma center fine"), and in *People v. Joseph*, 176 Ill. App. 3d 636, 642 (1988) ("The language of section 5-9-1.1 is clear and unambiguous and does not indicate an intent to exclude fines imposed under this section from the $5-a-day credit allowed under section 110-

14"). We further note that a non-precedential, unpublished decision finding the charge to be a fine has been accepted for review by our Supreme Court. See *People v. Jones*, No. 1-04-3117, slip op. at 9-10 (2005) (unpublished order under Supreme Court Rule 23) ("We find defendant is entitled to a setoff against his trauma fund fine"), *pet. for leave to appeal allowed*, No. 101996.

Nevertheless, we conclude that defendant is not entitled to any credit toward the $100 he was ordered to pay to the Trauma Center Fund. We make this finding in accordance with *People v. Squire*, No. 1-04-2387, slip op. at 6-8 (May 5, 2006). In *Squire*, we examined the language of section 5-9-1.1(b) in conjunction with the related language of section 27.6(c) of the Clerks of Courts Act, emphasizing the express language of section 27.6(c) that the "[Trauma Center Fund] fee of $100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 705 ILCS 105/27.6(c) (West 2002), quoted in *Squire*, slip op. at 7. Reading the two sections together, we determined in *Squire* that payments to the Trauma Center Fund may not be offset by the $5-per-day credit for time served provided in section 110-14. *Squire*, slip op. at 7-8. We agree with the *Squire* court's approach of reading sections 5-9-1.1(b) and 27.6(c) together, as it is axiomatic that statutes related to the same subject matter are to be read in conjunction. *People v. Cherry Valley Public Library District*, 356 Ill. App. 3d 893, 897 (2005). Consistent with our decision in *Squire*, we reject defendant's contention that he is entitled to apply a $5 per day credit to the $100 Trauma Center Fund charge. See also *People v. Tolliver*, 363 Ill. App. 3d 94, 96 (2006) (defendant acknowledged that the $100 charge for the

9

Trauma Center Fund cannot be reduced by $5 per day).

B. Controlled Substance Assessment

Pursuant to section 411.2 of the Illinois Controlled Substances Act, defendant was ordered to pay a $500 controlled substance assessment. 720 ILCS 570/411.2 (West 2004). Section 411.2(a) provides as follows:

> "(a) Every person convicted of a violation of this Act,
> and every person placed on probation, conditional discharge,
> supervision or probation under Section 410 of this Act, shall
> be assessed for each offense a sum fixed at:
>
> * * *
>
> (4) $500 for a Class 3 or Class 4
> felony[.]" 720 ILCS 570/411.2(a) (West 2004).

In prior cases involving this issue, we have repeatedly and consistently determined that controlled substance assessments imposed pursuant to section 411.2 are fines for which defendants are entitled to apply the $5-per-day credit. See, *e.g.*, *People v. Youngblood*, No. 2-04-0987 (May 17, 2006); *McNeal*, slip op. at 9; *Fort*, 362 Ill. App. 3d at 5-6; *People v. Haycraft*, 349 Ill. App. 3d 416, 430 (2004); *Littlejohn*, 338 Ill. App. 3d at 284; *People v. Gathing*, 334 Ill. App. 3d 617, 620 (2002); *People v. Rodriguez*, 276 Ill. App. 3d 33, 41 (1995); *People v. Otero*, 263 Ill. App. 3d 282, 287 (1994); *People v. Reed*, 255 Ill. App. 3d 949, 951 (1994); *People v. Brown*, 242 Ill. App. 3d 465, 466 (1993). We decline to depart from this line of cases. Accordingly, we find that a $5-per-day credit may be applied to defendant's $500 controlled substance

assessment.  Defendant's credit is limited to $500 because the amount of the credit may not exceed the amount of the fine imposed.  725 ILCS 5/110-14 (West 2004).

C.  Traffic and Criminal Conviction Surcharge

Pursuant to section 5-9-1(c-9) of the Unified Code of Corrections, defendant was ordered to pay $4 to the Traffic and Criminal Conviction Surcharge Fund.  730 ILCS 5/5-9-1(c-9) (West 2004).  Section 5-9-1(c-9) provides as follows:

> "(c-9) There shall be added to every fine imposed in
>
> sentencing for a criminal or traffic offense *** an additional
>
> penalty of $4 imposed."  730 ILCS 5/5-9-1(c-9) (West 2004).

The applicability of the $5-per-day credit to the traffic and criminal conviction surcharge set out in section 5-9-1(c-9) was addressed in *People v. Jamison*, No. 1-04-2219, slip op. at 4-7 (April 12, 2006).  In *Jamison*, we noted that in order to resolve the issue of whether the $5 credit would apply, it was necessary to determine whether the legislature intended the penalty to be treated as a fine, or whether the legislature intended the penalty to be treated as something else, such as a fee or court cost.  *Jamison*, slip op. at 5.  Quoting Black's Law Dictionary, we noted that a "penalty" is defined as a " '[p]unishment imposed on a wrongdoer, esp. in the form of imprisonment or fine.' "  *Jamison*, slip op. at 5, quoting Black's Law Dictionary 1153 (7th ed. 1999).  We concluded that because there is no indication the legislature intended to depart from the plain meaning of the statute, the "additional penalty" provided for in section 5-9-1(c-9) is a pecuniary punishment in the nature of a fine.  *Jamison*, slip op. at 7.

11

Accordingly, consistent with *Jamison*, we hold that pursuant to section 110-14, defendant may apply the $5-per-day credit to the $4 traffic and criminal conviction surcharge. However, his credit is limited to $4 because the amount of the credit may not exceed the amount of the fine. 725 ILCS 5/110-14 (West 2004).

### III. Violent Crime Victims Assistance Fund

Defendant contends that $20 for the Violent Crime Victims Assistance Fund was erroneously assessed to him because the penalty may be applied only where "no other fine is imposed." The $20 penalty was assessed pursuant to section 10(c)(2) of the Violent Crime Victims Assistance Act, which provides as follows:

"(c) When any person is convicted in Illinois on or

after August 28, 1986, of an offense listed below, or placed

on supervision for such an offense on or after September 18,

1986, and no other fine is imposed, the following penalty

shall be collected by the Circuit Clerk:

***

(2) $20, for any other felony or

misdemeanor, excluding any conservative

offense." 725 ILCS 240/10(c)(2) (West 2004).

Defendant is correct that under the plain language of the statute, the $20 penalty may be ordered only if "no other fine is imposed." 725 ILCS 240/10(c) (West 2004). We have already determined that two other fines were imposed upon defendant in this case: (1) the $500 controlled substances assessment and (2) the $4 traffic and criminal

12

conviction surcharge. Therefore, the trial court acted improperly when it imposed a $20 Violent Crime Victims Assistance Fund penalty in this case. We strike the penalty from the order.

IV. Constitutionality of DNA Statute

Finally, defendant contends that the extraction of his blood and perpetual storing of his DNA profile pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2004)) violates his fourth amendment right to be free from unreasonable searches and seizures.

Recently, the Illinois Supreme Court affirmed the constitutionality of the statute authorizing extraction and storing of DNA in *People v. Garvin*, 219 Ill. 2d 104 (2006). The supreme court held that the statute's purpose – to "absolve innocents, identify the guilty, deter recidivism by identifying those at a high risk of reoffending, or bring closure to victims" – "demonstrate[s] a special need beyond ordinary law enforcement." *Garvin*, 219 Ill. 2d at 122. In *Garvin*, the defendant also argued that the State's interest in the blood sample and DNA did not outweigh his privacy interest, "even in light of his felony conviction." *Garvin*, 219 Ill. 2d at 123. The supreme court noted that a convicted felon's privacy rights are "substantially reduced due to his status as a convicted felon." *Garvin*, 219 Ill. 2d at 124. The supreme court found "the State's interest in effective crime investigations and prevention, as advanced by section 5-4-3, outweighs defendant's privacy interest as a convicted felon." *Garvin*, 219 Ill. 2d at 125. In conclusion, the supreme court rejected defendant's constitutional challenge as follows: "We also hold that the DNA sampling and database mandated by section 5-4-3 is

13

constitutional both as applied in defendant's case and on its face." *Garvin*, 219 Ill. 2d at 125.

Therefore, based on *Garvin*, we uphold section 5-4-3 as constitutional on its face and as applied to defendant. The order of the circuit court regarding the extraction and storing of defendant's DNA is affirmed.

CONCLUSION

For the reasons explained above we: (1) strike from the order the $5 Spinal Cord Fund fee; (2) amend the costs and fees order to reflect a credit of $504 for the $500 controlled substance assessment and the $4 traffic and criminal conviction surcharge; and (3) strike from the order the $20 Violent Crime Victims Assistance Fund penalty. The sentencing order shall be modified to reflect this credit.

We affirm the trial court's order that the $5-per-day credit may not be applied to the $100 Trauma Center Fund penalty, and affirm the trial court's order regarding the extraction and storing of defendant's DNA.

Affirmed as modified.

GALLAGHER, P.J., concurs.

NEVILLE, J., concurs in part and dissents in part.

1-05-0020

JUSTICE NEVILLE, concurring in part and dissenting in part:

I respectfully dissent because I believe the majority erred when it affirmed the trial court's order directing the defendant to pay $100 to the Trauma Center Fund, pursuant to section 5-9-1.1(b) of the Unified Code of Corrections (Code). 730 ILCS 5/5-9-1.1(b) (West 2004). I concur with the court's holding in People v. Joseph, 176 Ill. App. 3d 636, 642 (1988), where the Joseph court reviewed section 5-9-1.1(b) of the Code and made the following statement:

> "The language of section 5-9-1.1 is clear and unambiguous
> and does not indicate an intent to exclude fines imposed
> under this section from the $5-a-day credit allowed under
> section 110-14. (See People v. Hare (1988), 119 Ill. 2d 441,
> 519 N.E.2d 879.) In Hare, our supreme court addressed and
> rejected a similar argument with respect to a fine imposed
> under sections 1 through 11 of the Violent Crime Victims
> Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, pars. 501
> through 511), prior to its amendment expressly excluding the
> $5-a-day credit allowed pursuant to section 110-14. Any
> attempt to deny a defendant this credit, mandated by section
> 110-14, must be accomplished by the legislature. See
> People v. Hare (1988), 119 Ill. 2d 441, 519 N.E.2d 879."
> Joseph, 176 Ill. App. 3d at 642.

I believe that had the legislature intended to exclude section 5-9-1.1(b) from such credits, it would have specifically made such an exclusion. Therefore, while I dissent because I believe that we should follow Joseph and hold that the defendant is entitled to

15

a setoff against his trauma fund fine (<u>Joseph</u>, 176 Ill. App. 3d at 642), I concur in the remainder of the opinion.