FIFTH DIVISION
August 10, 2007

No. 1-05-0020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY JONES, | ) | Honorable |
| | ) | Rickey Jones, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Larry Jones was convicted of possession of a controlled substance and sentenced to five years' imprisonment. The trial court also ordered defendant to pay $1,224. On appeal, defendant does not challenge his conviction or sentence, but raises three contentions concerning the order to pay $1,224: (1) that he was denied due process when he was ordered to pay a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund; (2) that the trial court improperly imposed a $20 fine for deposit in the Violent Crime Victims Assistance Fund; and (3) that he is entitled to apply a $5-per-day credit for incarceration on a bailable offense to the $100 Trauma Center Fund charge, the $500 controlled substance assessment, and the $4 traffic and criminal conviction surcharge. Defendant also contends that

the extraction of his blood and perpetual storing of his DNA profile pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2004)) violates his fourth amendment right to be free from unreasonable searches and seizures. The Illinois Supreme Court has entered a supervisory order (*People v. Jones*, No. 103091 (May 3, 2007)) directing this court to vacate our previous opinion (*People v. Jones*, 366 Ill. App. 3d 666 (2006)) and reconsider our judgment in light of *People v. Jones*, 223 Ill. 2d 569 (2006), to determine if a different result is warranted.

## BACKGROUND

At trial, Officer Brian Kinnane testified that on the evening of February 20, 2004, he and his partner, Officer Frank Sarabia, conducted a narcotics surveillance operation near 2101 South Christiana, Chicago, where defendant was standing on the sidewalk. On three separate occasions during the surveillance operation, Officer Kinnane observed an unknown man engage defendant in a brief conversation and hand defendant money. After these conversations, defendant would walk across the street to an abandoned vehicle, retrieve a small black box from under the driver's side wheel well, take a small item from the box, walk back across the street, and give the item to the unknown man. After three such transactions, the officers broke their surveillance and approached defendant. Officer Kinnane detained defendant while Officer Sarabia recovered the black box.

Officer Sarabia testified that the black box contained six Ziploc bags of what he believed to be crack cocaine. The parties stipulated that Monica Kinslow, a forensic chemist with the Illinois state crime lab, would have testified that the six plastic bags weighed .8 grams total, and that the one bag she analyzed tested positive for the presence of cocaine.

2

The trial court found defendant guilty of possession of a controlled substance, sentenced defendant to five years in prison, and ordered defendant to pay $1,224 in "costs and fees." The costs and fees included the following amounts: (1) $5 designated "Trauma Fund Spinal Cord"; (2) $20 designated "Violent Crime Victim Assistance"; (3) $100 designated "Trauma Fund"; (4) $500 designated "Assessment Controlled Substance"; and (5) $4 designated "Criminal/Traffic Conviction Surcharge." The trial court also ordered defendant to submit a blood sample for DNA analysis. Defendant was incarcerated for 265 days prior to being convicted.

ANALYSIS

On appeal, defendant challenges the various fines and fees imposed against him and contends that the extraction of his blood and perpetual storing of his DNA profile violates his fourth amendment right to be free from unreasonable searches and seizures. We review the constitutionality of statutes *de novo*. *People v. Dinelli*, 217 Ill. 2d 387, 397 (2005).

I. Spinal Cord Fund Fee

Defendant contends that he was denied due process when he was ordered to pay a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund (Spinal Cord Fund) pursuant to section 5-9-1.1 of the Unified Code of Corrections (730 ILCS 5/5-9-1.1 (West 2004)). Defendant argues that there is no reasonable relationship between his conviction for possession of a controlled substance and the public interest in funding spinal cord research.

Section 5-9-1.1 provides, in relevant part, as follows:

"(a) When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or

3

possession or delivery of a controlled substance as defined in the Cannabis Control Act, as amended, or the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized.

\*\*\*

(c) In addition to any penalty imposed under subsection (a) of this Section, a fee of $5 shall be assessed by the court, the proceeds of which shall be collected by the Circuit Clerk and remitted to the State Treasurer under Section 27.6 of the Clerks of Courts Act for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund. This additional fee of $5 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5-9-1.1 (c) (West 2004).

The Illinois Supreme Court recently affirmed the constitutionality of section 5-9-1.1(c) in *Jones*, 223 Ill. 2d at 596. As in the instant case, the defendant in *Jones* argued that the statute violated substantive due process. *Jones*, 223 Ill. 2d at 596. Since the statute does not impact fundamental rights, the court held that the standard by which the statute should be evaluated is a rational basis review. *Jones*, 223 Ill. 2d at 596. To be upheld under this standard, the statute need merely bear a rational relationship to a legitimate state interest. *Jones*, 223 Ill. 2d at 596.

The court in *Jones* analyzed the language of the statute and held the charge described by section 5-9-1.1(c), "although labeled a 'fee,' is in fact in the nature of the fine." *Jones*, 223 Ill. 2d at 605. The charge has all of the attributes of a fine and none of a fee. *Jones*, 223 Ill. 2d at 600 (stating that the charge is imposed only after conviction, it is contained in the portion of the Unified Code of Corrections entitled "Fines," and it is payable to the state treasury).

Defendant argues that there is no reasonable relationship between his conviction for possession of a controlled substance and the public interest in funding spinal cord research. The court in *Jones* rejected that argument and indicated as follows:

"The $5 charge imposed by section 5-9-1.1(c) of the Unified Code of Corrections, although labeled a 'fee,' is in fact in the nature of the fine. Thus, its purpose is punitive. Accordingly, the fact that the proceeds of that fine are earmarked for a specific purpose is irrelevant to its constitutionality. So far as the defendant who is subject to a monetary fine is concerned, due process requires only that the punishment imposed be rationally related to the offense on which he is being sentenced. In the context of fines, the inquiry is whether the amount of the fine is grossly disproportionate to the offense. In this case, that test is clearly satisfied." *Jones*, 223 Ill. 2d at 605.

As in *Jones*, the defendant in the instant case was convicted of possession of a controlled substance and ordered to pay a $5 Spinal Cord Fund fee. Applying the rationale articulated in *Jones*, we find that the $5 fine does not violate the defendant's substantive due process and

1-05-0020

should be upheld.

## II. Credit for Incarceration on a Bailable Offense

Defendant contends that under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2004)), he is entitled to apply a $5-per-day credit for incarceration on a bailable offense to the $100 Trauma Center Fund charge, the $500 controlled substance assessment, and the $4 traffic and criminal conviction surcharge. The State asserts that the $5 credit is applicable only to "fines," that the charges identified by defendant were not "fines," and that, therefore, the credit should not apply.

Section 110-14 provides in relevant part as follows:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14 (West 2004).

"The plain language of this statute indicates that the credit applies only to 'fines' that are imposed pursuant to a conviction, not to any other court costs or fees." *People v. Tolliver*, 363 Ill. App. 3d 94, 96 (2006). In the instant case, it is undisputed that defendant spent 265 days in custody prior to sentencing. Under section 110-14, he may apply a $5-per-day credit for each of the 265 days to any "fines" assessed upon conviction. In order to determine whether the credit applies to any of the charges identified by defendant, we must determine whether the respective charges are "fines." A "fine" is a pecuniary punishment imposed as part of a criminal sentence. *Tolliver*, 363 Ill. App. 3d at 96-97, quoting *People v. Bishop*, 354 Ill. App. 3d 549, 562 (2004).

6

1-05-0020

In contrast, a "fee" is a charge for labor or services that is compensatory in nature. *Tolliver*, 363 Ill. App. 3d at 97, quoting *Bishop*, 354 Ill. App. 3d at 562.

A. Trauma Center Fund

Pursuant to section 5-9-1.1(b) of the Unified Code of Corrections, defendant was ordered to pay $100 to the Trauma Center Fund. 730 ILCS 5/5-9-1.1(b) (West 2004). Section 5-9-1.1(b) provides as follows:

> "(b) In addition to any penalty imposed under subsection (a)
> of this Section [for drug-related offenses], a fine of $100 shall be
> levied by the court, the proceeds of which shall be collected by the
> Circuit Clerk and remitted to the State Treasurer under Section
> 27.6 of the Clerks of Courts Act for deposit into the Trauma Center
> Fund for distribution as provided under Section 3.225 of the
> Emergency Medical Services (EMS) Systems Act." 730 ILCS 5/5-
> 9-1.1(b) (West 2004).

Section 27.6 of the Clerks of Courts Act, which is specifically referenced in section 5-9-1.1(b), above, provides, in relevant part, as follows:

> "(c) In addition to any other fines and court costs assessed
> by the courts, any person convicted for a violation of Sections 24-
> 1.1, 24-1.2, or 24-1.5 of the Criminal Code of 1961 or a person
> sentenced for a violation of the Cannabis Control Act or the
> Controlled Substance Act shall pay an additional fee of $100 to the
> clerk of the circuit court. This amount, less 2 1/2% that shall be

used to defray administrative costs incurred by the clerk, shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Trauma Center Fund. This additional fee of $100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 705 ILCS 105/27.6(c) (West 2002).

We are mindful that the plain language of section 5-9-1.1(b) refers to the $100 charge as a "fine." The charge has been treated as a fine for purposes of the $5-per-day credit in *People v. Littlejohn*, 338 Ill. App. 3d 281, 284 (2003) ("Pursuant to section 110-14, the defendant should be awarded a credit *** against *** the trauma center fine"), and in *People v. Joseph*, 176 Ill. App. 3d 636, 642 (1988) ("The language of section 5-9-1.1 is clear and unambiguous and does not indicate an intent to exclude fines imposed under this section from the $5-a-day credit allowed under section 110-14").

In *Jones*, the supreme court reviewed this exact issues. *Jones*, 223 Ill. 2d at 592-95. Neither the State nor the defendant disputed the fact that the $100 trauma fund center charge described in section 5-9-1.1(b) is a "fine." *Jones*, 223 Ill. 2d at 593. However, the State argued that section 27.6(c) of the Clerk of Courts Act explicitly directed that the $100 charge not be subject to reduction based on presentencing incarceration. *Jones*, 223 Ill. 2d at 593. In contrast, the defendant noted that sections 5-9-1.1(c) and 5-9-1.10 not only refer to section 27.6 of the Clerk of Courts Act, as does section 5-9-1.1(b), but also contain an express statement exempting the charges assessed therein from the presentencing credit offset. *Jones*, 223 Ill. 2d at 594.

8

The court indicated that if the legislature intended the mere reference to the Clerks of Courts Act in section 5-9-1.1(b) to suffice to exempt charges from offset, then these statements in sections 5-9-1.1(c) and 5-9-1.10 would be redundant, superfluous, and meaningless. *Jones*, 223 Ill. 2d at 594. The rule that a court construe a statute as a whole is meant to avoid situations where one possible construction renders another statutory provision superfluous. *Jones*, 223 Ill. 2d at 594. The *Jones* court recognized the ambiguity in the constructions and held that such ambiguity in criminal statutes must be resolved in a manner which favors the accused. *Jones*, 223 Ill. 2d at 595. As such, the mention of section 27.6 of the Clerks of Court Act alone was not sufficient to exempt the charge from the offset. *Jones*, 223 Ill. 2d at 595. The court concluded "the Trauma Fund charge is subject to setoff." *Jones*, 223 Ill. 2d at 595.

Consistent with the decision in *Jones*, defendant is entitled to apply a $5-per-day credit toward the $100 Trauma Center Fund charge.

B. Controlled Substance Assessment

Pursuant to section 411.2 of the Illinois Controlled Substances Act, defendant was ordered to pay a $500 controlled substance assessment. 720 ILCS 570/411.2 (West 2004). Section 411.2(a) provides as follows:

"(a) Every person convicted of a violation of this Act, and every person placed on probation, conditional discharge, supervision or probation under Section 410 of this Act, shall be assessed for each offense a sum fixed at:

* * *

9

1-05-0020

(4) $500 for a Class 3 or Class 4 felony[.]" 720 ILCS

570/411.2(a) (West 2004).

The supreme court's opinion in *Jones* is consistent with our prior cases involving this issue. *Jones*, 223 Ill. 2d at 587-89. We have repeatedly determined that controlled substance assessments imposed pursuant to section 411.2 are fines for which defendants are entitled to apply the $5-per-day credit. See, *e.g.*, *People v. Youngblood*, 365 Ill. App. 3d 210 (2006); *People v. McNeal*, 364 Ill. App. 3d 867, 875 (2006); *Fort*, 362 Ill. App. 3d at 5-6; *People v. Haycraft*, 349 Ill. App. 3d 416, 430 (2004); *Littlejohn*, 338 Ill. App. 3d at 284; *People v. Gathing*, 334 Ill. App. 3d 617, 620 (2002); *People v. Rodriguez*, 276 Ill. App. 3d 33, 41 (1995); *People v. Otero*, 263 Ill. App. 3d 282, 287 (1994); *People v. Reed*, 255 Ill. App. 3d 949, 951 (1994); *People v. Brown*, 242 Ill. App. 3d 465, 466 (1993). We decline to depart from this line of cases. Accordingly, we find that a $5-per-day credit may be applied to defendant's $500 controlled substance assessment. Defendant's credit is limited to $500 because the amount of the credit may not exceed the amount of the fine imposed. 725 ILCS 5/110-14 (West 2004).

### C. Traffic and Criminal Conviction Surcharge

Pursuant to section 5-9-1(c-9) of the Unified Code of Corrections, defendant was ordered to pay $4 to the Traffic and Criminal Conviction Surcharge Fund. 730 ILCS 5/5-9-1(c-9) (West 2004). Section 5-9-1(c-9) provides as follows:

"(c-9) There shall be added to every fine imposed in

sentencing for a criminal or traffic offense *** an additional penalty

of $4 imposed." 730 ILCS 5/5-9-1(c-9) (West 2004).

10

1-05-0020

The applicability of the $5-per-day credit to the traffic and criminal conviction surcharge set out in section 5-9-1(c-9) was addressed in *People v. Jones*. *Jones*, 223 Ill. 2d at 582-87. The supreme court stated in *Jones* that "[t]he fact that the proceeds of this charge may be used for general police training does not mean that the charge reimburses the State for the cost of prosecuting the defendant and is therefore a fee." *Jones*, 223 Ill. 2d at 584. The court in *Jones* concluded the charge was a penalty and noted as follows:

> "[A]lthough subsection (c) has existed for a number of years, subsection (c-9) enjoyed a comparatively brief existence, enacted in 2003 and repealed in 2005. For the entire time that subsections (c) and (c-9) coexisted, subsection (c) contained the provision that the charge imposed therein was not subject to offset, while subsection (c-9) contained no such provision. This fact, that the legislature enacted subsection (c-9) without the exclusion when subsection (c) of the same statute did contain such a provision, further strengthens our conclusion that the 'penalty' imposed pursuant to subsection (c-9) was not intended to be exempted from offset.
>
> Accordingly, we conclude that the charge imposed by section 5-9-1(c-9) is subject to offset." *Jones*, 223 Ill. 2d at 587.

Consistent with *Jones*, we hold that pursuant to section 110-14, defendant may apply the $5-per-day credit to the $4 traffic and criminal conviction surcharge. However, his credit is limited to $4 because the amount of the credit may not exceed the amount of the fine. 725 ILCS

11

1-05-0020

5/110-14 (West 2004).

### III. Violent Crime Victims Assistance Fund

Defendant contends that $20 for the Violent Crime Victims Assistance Fund was erroneously assessed to him because the penalty may be applied only where "no other fine is imposed." The $20 penalty was assessed pursuant to section 10(c)(2) of the Violent Crime Victims Assistance Act, which provides as follows:

> "(c) When any person is convicted in Illinois on or after
>
> August 28, 1986, of an offense listed below, or placed on
>
> supervision for such an offense on or after September 18, 1986, and
>
> no other fine is imposed, the following penalty shall be collected by
>
> the Circuit Clerk:
>
> ***
>
> (2) $20, for any other felony or
>
> misdemeanor, excluding any conservative offense."
>
> 725 ILCS 240/10(c)(2) (West 2004).

Defendant is correct that under the plain language of the statute, the $20 penalty may be ordered only if "no other fine is imposed." 725 ILCS 240/10(c) (West 2004). We have already determined that other fines were imposed upon defendant in this case. Therefore, the trial court acted improperly when it imposed a $20 Violent Crime Victims Assistance Fund penalty in this case. We strike the penalty from the order.

### IV. Constitutionality of DNA Statute

Finally, defendant contends that the extraction of his blood and perpetual storing of his

12

DNA profile pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2004)) violates his fourth amendment right to be free from unreasonable searches and seizures.

Recently, the Illinois Supreme Court affirmed the constitutionality of the statute authorizing extraction and storing of DNA in *People v. Garvin*, 219 Ill. 2d 104 (2006). The supreme court held that the statute's purpose – to "absolve innocents, identify the guilty, deter recidivism by identifying those at a high risk of reoffending, or bring closure to victims" – "demonstrate[s] a special need beyond ordinary law enforcement." *Garvin*, 219 Ill. 2d at 122. In *Garvin*, the defendant also argued that the State's interest in the blood sample and DNA did not outweigh his privacy interest, "even in light of his felony conviction." *Garvin*, 219 Ill. 2d at 123. The supreme court noted that a convicted felon's privacy rights are "substantially reduced due to his status as a convicted felon." *Garvin*, 219 Ill. 2d at 124. The supreme court found "the State's interest in effective crime investigations and prevention, as advanced by section 5-4-3, outweighs defendant's privacy interest as a convicted felon." *Garvin*, 219 Ill. 2d at 125. In conclusion, the supreme court rejected defendant's constitutional challenge as follows: "We also hold that the DNA sampling and database mandated by section 5-4-3 is constitutional both as applied in defendant's case and on its face." *Garvin*, 219 Ill. 2d at 125.

Therefore, based on *Garvin*, we uphold section 5-4-3 as constitutional on its face and as applied to defendant. The order of the circuit court regarding the extraction and storing of defendant's DNA is affirmed.

CONCLUSION

For the reasons explained above, we: (1) affirm the $5 Spinal Cord Fund fee; (2) amend

the trial court's order to reflect a $5-per-day credit to be applied to the $100 Trauma Center Fund penalty; (3) amend the costs and fees order to reflect a $5-per-day credit to be applied to defendant's $500 controlled substance assessment; (4) amend the costs and fees order to reflect a $4-per-day credit to be applied to the $4 traffic and criminal conviction surcharge because the amount of the credit may not exceed the amount of the fine; and (5) strike from the order the $20 Violent Crime Victims Assistance Fund penalty. The sentencing order shall be modified to reflect this credit.

Additionally, we affirm the trial court's order regarding the extraction and storing of defendant's DNA.

Affirmed as modified.

GALLAGHER and NEVILLE, JJ., concur.

1-05-0020