

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00180-CR, 04-13-00181-CR, and 04-13-00182-CR

Yacub **ABRAHAM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5071
Honorable Ron Rangel, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: June 25, 2014

AFFIRMED AS MODIFIED

Appellant Yacub Abraham was convicted by a jury of possession of methamphetamine, with intent to deliver, four grams or more but less than 200 grams; possession of cocaine with intent to deliver, four grams or more but less than 200 grams; and possession of heroin with intent to deliver, 200 grams or more but less than 400 grams. Abraham was sentenced on each count to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of eighteen years and assessed a fine in the amount of $3,000.00. The trial court ordered the sentences to run concurrently. On appeal, Abraham argues the trial court erroneously assessed

restitution to the San Antonio Police Department for "lab fees" and that his fines should run concurrently. We agree.

We modify the trial court's judgment to delete the assessment of "lab fees" and conclude that the fines shall run concurrently. We affirm the judgment as modified.

### ASSESSMENT OF LAB FEES

In his first issue, Abraham alleges the trial court erred in awarding restitution to the San Antonio Police Department for "lab fees." Although the State properly points out that Abraham did not raise this issue with the trial court, a party need not object to preserve an evidentiary sufficiency claim concerning a restitution order or the amount of restitution. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

Article 42.12, § 11(a)(19) of the Texas Code of Criminal Procedure allows a trial court to order a defendant to pay laboratory fees as a condition of community supervision or pursuant to a plea agreement. TEX. CODE CRIM. PROC. ANN. art 42.12 § 11(a)(19) (West Supp. 2014) (conditions of community supervision may include . . . reimburs[ing] a law enforcement agency for the analysis . . . [of] . . . controlled substances . . . in connection with the offense"). The trial court may not, however, order payment of laboratory fees as restitution because the expenses incurred during such testing are not sustained as a result of being the victim of a crime. *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.); *Uresti v. State*, 98 S.W.3d 321, 338 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We further note that while the record is replete with evidence of what laboratory tests were performed, the record does not contain evidence of the actual cost of the laboratory fees. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) ("The amount of restitution must be just, and it must have a factual basis within the loss of the victim."); *accord Idowu v. State*, 73 S.W.3d 918, 922 n.11 (Tex. Crim. App. 2002). We,

therefore, modify the trial court's judgment to delete the award of restitution to the San Antonio Police Department for "lab fees."

COURT COSTS

Abraham next contends the trial court erroneously assessed court costs against the defendant in the absence of a bill of costs.

## A.     Costs versus Fines

Court costs are "recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). In *Weir*, the Court of Criminal Appeals relied on *People v. Jones*, 861 N.E.2d 967, 975 (Ill. 2006), for the basic concept that a fine is punitive and is imposed as part of a convicted defendant's sentence. *Weir*, 278 S.W.3d at 366 (citing *Jones*, 861 N.E.2d at 975). To the contrary, a court "cost" is a "collateral consequence of the defendant's conviction that is compensatory in nature." *Id.* (citing *Jones*, 861 N.E.2d at 975).

"Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011) (citing *Weir*, 278 S.W.3d at 367). Because "court costs are not punitive" they need not "be included in the oral pronouncement of sentence." *Weir*, 278 S.W.3d at 367. However, because fines are considered punitive in nature, they must be orally pronounced by the trial court during the sentencing phase. *Armstrong*, 340 S.W.3d at 766.

**B.      Analysis**

The State supplemented the record for purposes of this appeal.[1]  The trial court assessed court costs in the amount of $374.00 in administrative fees and a $3,000.00 fine in *each* case. Because the record was supplemented with the bill of costs, we affirm this portion of the judgment.

In his reply brief, however, Abraham argues the trial court ordered the sentences to run concurrently, and therefore, the fines must run concurrently as well.  We agree.

Section 3.03(a) of the Texas Penal Code provides that

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced.  . . . [T]he sentences shall run concurrently.

TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2014).  It is undisputed in this case that appellant was "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."  *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008).

The Court of Criminal Appeals has concluded that a fine is part of a sentence.  *Id.* ("[C]oncurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines."); *accord Wilson v. State*, No. 07-11-00019-CR, 2012 WL 205848, at *1 (Tex. App.—Amarillo Jan. 24, 2012, no pet.) (mem. op., not designated for publication); *Luera v. State*, 14-10-00576-CR, 2011 WL 1745237 (Tex. App.—Houston [14th Dist.] May 5, 2011, pet. ref'd).  As the court concluded in *Crook*, section 3.03(a) requires that the fines in this case run concurrently. *Crook*, 248 S.W.3d at 174.

Accordingly, we modify the judgment of conviction to reflect the fine of $3,000.00 in each case is to run concurrently.

---

[1] An appellate court can consider a supplemented bill of cost because the code of criminal procedure does not contemplate bill of costs being prepared and filed before a criminal conviction is appealed. *See Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.).

**CONCLUSION**

Because we conclude the trial court may only assess restitution for lab fees incurred by the San Antonio Police Department as a condition of community supervision, we modify the judgments to delete the complained of restitution. Additionally, because Texas Penal Code section 3.03 sets forth that the fine is part of the sentence, when the sentences run concurrently, so must the fines. We, therefore, modify the judgments to reflect the fine of $3,000.00 in each case to run concurrently.

We affirm the judgment as modified.

Patricia O. Alvarez, Justice

Do Not Publish