2025 IL App (1st) 231226-U

SECOND DIVISION
June 3, 2025

No. 1-23-1226

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16 CR 746801 |
| | ) | |
| MARTEZ WEDDINGTON, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held***:**  The circuit court correctly found defendant guilty of being an armed habitual criminal (AHC) as defendant had two qualifying predicate offenses to support the AHC conviction. The armed habitual criminal statute is constitutional.

¶ 2    The circuit court convicted Martez Weddington of aggravated discharge of a firearm (720 ILCS 5/24-1/2) (West 2022)) and being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)). Weddington argues that the court erred in convicting him of being an AHC because one

of the two offenses the court relied on for the AHC conviction should not qualify as a predicate offense. He also argues that the AHC statute is unconstitutional under the second amendment to the United States Constitution. U.S. Const., amend. II. For the following reasons, we affirm.

¶ 3                                     I. BACKGROUND

¶ 4      In 2002, when Weddington was 15 years old, he was tried as an adult and convicted of aggravated vehicular hijacking. 720 ILCS 5/18-4 (West 2022). In 2011, at age 24, he was convicted of delivery of a controlled substance. 720 ILCS 570/401 (West 2022). On April 24, 2016, Weddington discharged a firearm in the direction of a police vehicle occupied by a police officer. Based on that incident and the two prior offenses, the State charged Weddington with (1) aggravated discharge of a firearm (720 ILCS 5/24-1/2) (West 2022)) and (2) being an AHC (720 ILCS 5/24-1.7(a) (West 2022)). The State relied on the aggravated vehicular hijacking conviction and delivery of a controlled substance conviction as qualifying predicate offenses for the AHC charge. The court found Martez guilty on both charges and sentenced him to 12 years' imprisonment on each count to run concurrently, followed by three years of supervised release. Weddington appeals the AHC conviction.

¶ 5                                     II. ANALYSIS

¶ 6      On appeal, Weddington argues that we should reverse his AHC conviction because (1) his prior aggravated vehicular hijacking conviction does not qualify as a predicate offense as he was a minor at the time of that offense, and (2) the AHC statute is unconstitutional under the second amendment to the United States Constitution.

¶ 7                 A. Prior Aggravated Vehicular Hijacking Conviction

¶ 8      Weddington concedes that, generally, an aggravated vehicular hijacking conviction and a delivery of a controlled substance conviction qualify as predicate offenses for the AHC charge and

conviction. However, he argues that the aggravated vehicular hijacking conviction in his case does not qualify because the 2014 amendment to the Juvenile Court Act (705 ILCS 405/5-120) raised the age at which a person could be criminally prosecuted to 18. Because he was only 15 years old when he was convicted, such an offense would not have resulted in a qualifying predicate felony at the time of the AHC charge. Rather, the juvenile court would have had exclusive jurisdiction over the vehicular hijacking offense. Accordingly, Weddington argues, he has only one qualifying predicate offense, the delivery of a controlled substance conviction, and that alone is insufficient to support the AHC conviction.

¶ 9　　Here, we are tasked with interpreting statutory language. Issues of statutory construction are questions of law, so we review them *de novo*. *People v. Baskerville*, 2012 IL 111056, ¶ 18. Our primary objective is to ascertain and give effect to the legislature's intent, and the best indicator of intent is the language of the statute, which we give its plain and ordinary meaning. *Id.*

¶ 10　　In 2005, Illinois legislature enacted the AHC statute, which provides as follows:

　　　　"Unlawful possession of a firearm by a repeat felony offender.

　　(a) A person commits the offense of unlawful possession of a firearm by a repeat felony offender if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

　　(1) a forcible felony as defined in Section 2-8 of this Code;

　　(2) unlawful possession of a weapon by a felon; aggravated unlawful possession of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home

3

invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher.

(b) Sentence. Unlawful possession of a firearm by a repeat felony offender is a Class X felony." 720 ILCS 5/24-1.7 (West 2022).

In this case, the State relied on Weddington's convictions under section (a)(2) and (a)(3).

¶ 11   In 2014, Illinois legislature amended the Juvenile Court Act to raise the age at which a person could be tried in criminal court: "No minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2022). The amendment was accompanied by the following language: "The changes made to this Section *** apply to violations or attempted violations committed on or after January 1, 2014." *Id.*

¶ 12   According to Weddington, the plain language of the AHC statute indicates that prior convictions qualify as predicate offenses only if the prior offenses would still result in convictions at the time of the AHC charge. He argues that his prior offense would not result in a conviction at the time of his AHC charge because a person in his shoes – a 15-year-old – would no longer be subject to the criminal court's jurisdiction. In support, he contends that because the "having been convicted" language in section 24-1.7(a) is in the present perfect tense, it denotes an "action beginning in the past and continuing to the present." Accordingly, he argues, we must cross-reference the current Juvenile Court Act (that is, the version in effect at the time of the AHC charge) to determine whether a past conviction would remain a conviction now.

¶ 13    Our supreme court addressed this exact issue in its recent decision in *People v. Wallace*, 2025 IL 130173. In that case, the court held that the defendant's conviction when he was 17 years old may serve as a predicate offense for his subsequent AHC conviction regardless of whether the same offense would result in a conviction at the time of the AHC charge. *Id.* ¶¶ 19-20. In other words, it is sufficient that the predicate offense constituted a conviction at the time it was committed; it is irrelevant that it later may have been adjudicated in juvenile court. Thus, Weddington's prior conviction when he was 15 years old constitutes a predicate offense for purposes of the AHC statute.

¶ 14                    B. The Constitutionality of the AHC Statute

¶ 15    Weddington argues that the AHC statute (720 ILCS 5/24-1.7(a) (West 2022)) is facially unconstitutional because it criminalizes firearm possession by felons, in violation of the second amendment to the United States Constitution (U.S. Const., amend. II). He argues that because there is no historical tradition of prohibiting felons from possessing firearms, the statute does not pass constitutional muster.

¶ 16    As explained above, the AHC statute provides that a person commits the offense of being an armed habitual criminal if he possesses a firearm after having been convicted of two qualifying offenses. 720 ILCS 5/24-1.7(a) (West 2022). Weddington's prior offenses of aggravated vehicular hijacking and delivery of a controlled substance qualify as predicate offenses under the statute. 720 ILCS 5/24-1.7(a)(2), (3) (West 2022).

¶ 17    The second amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 18    We must determine whether an Illinois law, the AHC statute (720 ILCS 5/24-1.7(a) (West 2022)), conflicts with federal law, the second amendment. It is well settled that "[s]tate law is null and void if it conflicts with federal law." *Performance Marketing Ass'n v. Hamer*, 2013 IL 114496, ¶ 14 (citing *Sprietsma v. Mercury Marine*, 197 Ill. 2d 112, 117 (2001)). However, we presume statutes are constitutional, and "we have the duty to construe statutes so as to uphold their constitutionality if there is any reasonable way to do so." *People v. Jones*, 223 Ill. 2d 569, 595-96 (2006) (citing *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 351 (1999), and *People v. Inghram*, 118 Ill. 2d 140, 146 (1987)). A facial challenge requires a showing that the statute in question is unconstitutional under any set of facts. *People v. Thompson*, 2015 IL 118151, ¶ 36. The burden on the challenger is "particularly heavy when *** a facial constitutional challenge is presented." *Bartlow v. Costigan*, 2014 IL 115152, ¶ 18. A constitutional challenge to a statute presents a question of law, and we review such questions *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011). *De novo* review means we engage in the same analysis as the trial court. *Xuedong Pan v. King*, 2022 IL App (1st) 211482, ¶ 16.

¶ 19    Weddington relies primarily on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), to support his argument that the AHC statute is unconstitutional under the second amendment to the United States Constitution. The United States Supreme Court has expounded the second amendment on numerous occasions, notably in its recent landmark decision in *Bruen*. *Bruen* involved a challenge to a New York licensing regime that regulated firearm possession. *Id.* at 8-11. Persons wishing to possess a firearm at home were required to convince a licensing officer that they were of good moral character and did not have a history of crime or mental disease and that no good cause for denial existed. *Id.* at 12. However, persons wishing to carry a firearm *outside* of their home had to show "proper cause" to be issued a license. *Id.* This generally meant that

people had to " 'demonstrate a special need for self-protection distinguishable from that of the general community.' " *Id*. The Supreme Court held that the proper cause requirement violated the constitutional right to keep and bear arms. *Id*. at 70-71. In reaching that conclusion, the Supreme Court engaged in a historical analysis to determine whether the licensing regime passed constitutional muster and clarified that the relevant test "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 26.

¶ 20　　Relying on the test announced in *Bruen*, Weddington argues that because the State "will not be able to prove that there is a historical tradition of prohibiting individuals with felony convictions like Martez from permanently possessing firearms," we should find that the AHC statute violates the second amendment on its face. As a threshold matter, Weddington is mistaken that this Court must conduct a historical analysis to determine whether the AHC statute is constitutional. In *Kelley*, we explained that we "need not conduct an historical analysis, as the Supreme Court has stated that only 'ordinary, law-abiding citizens have a *** right to carry handguns publicly for their self-defense.' " *People v. Kelley*, 2024 IL App (1st) 230569, ¶ 16 (quoting *Bruen*, 597 U.S. at 9-10). We noted that the majority opinion used the phrase "law-abiding" at least 13 times. *Id.* We concluded that the Supreme Court's holding applied only to law-abiding citizens. *Id.*

¶ 21　　Moreover, although we found it unnecessary to engage in a historical tradition analysis, we recognized that the State had cited authority from around the country demonstrating a longstanding tradition of prohibiting felons from possessing firearms. *Id.* ¶ 20 (citing *United States v. Emerson*, 270 F.3d 203, 226 n.21 (5th Cir. 2001) (listing scholarly literature on historical firearm regulation indicating a longstanding tradition of prohibiting felons from possessing arms); *United States v.*

*Dixon*, No. 22 CR 140, 2023 WL 2664076, *4-5 (N.D. Ill. Mar. 28, 2023) (discussing historical precedent for prohibiting felons from possessing firearms); and *United States v. Rowson*, 652 F. Supp. 3d 436, 461-62 (S.D.N.Y. Jan. 26, 2023) (noting that post-*Bruen* federal court decisions have uniformly upheld the constitutionality of the federal statute that bans felons from possessing firearms "based on the statute's historical antecedents.")).

¶ 22 In this case, the State has cited additional authority demonstrating a longstanding tradition of prohibiting felons from bearing arms. See, *e.g.*, *United States v. Mitchell,* 2024 WL 3952169, at *3-4 (W.D. La. Aug. 27, 2024) (noting that the United States has a "historical tradition of firearm regulation"); *United States v. Hurnes,* 735 F. Supp. 3d 953, 968-69 (N.D. Ill. 2024) (finding that Seventeenth century English law and dispossession regulations during Colonial-Era America "evince a historical tradition of categorically disarming groups perceived as not 'dependable adherents to the rule of law' or 'dangerous' at the time of the ratification of the Bill of Rights"); *United States v. Rice*, 662 F. Supp. 3d 935, 947 (N.D. Ind. 2023) (finding that historical evidence shows that "felons were not considered within the common law right to bear arms by the Founders and there are analogous restrictions on the rights of felons which support their categorical disarmament"); *Campiti v. Garland*, 649 F. Supp. 3d 1, 6 (D. Conn. 2023) (explaining that we have a "historical tradition of firearm regulation"); and *United States v. Charles,* 633 F. Supp. 3d 874, 887 (W.D. Tex. 2022) ("[T]here is a historical basis for excluding felons from constitutional rights.").

¶ 23 There is no material difference between Kelley's and Weddington's constitutional challenges. Both defendants argued that the AHC statute is facially unconstitutional under the historical tradition analysis announced by the Supreme Court in *Bruen*. In *Kelley*, we held that the

AHC statute is constitutional under the second amendment to the United States Constitution, and we decline to depart from that holding in this identical challenge.

¶ 24                                  III. CONCLUSION

¶ 25    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.